**DAIRY ENGINEERING CORPORATION, Limited, et al. v. DE-RAEF CORPORATION et al.**

No. 549.

District Court, W. D. Missouri, W. D.

March 31, 1942.

See, also, D.C., 1 F.R.D. 679.

Hackley & Hursh, of San Francisco, Cal., for plaintiff.

Thos. E. Scofield, of Kansas City, Mo., for defendant.

REEVES, District Judge.

The plaintiffs should be granted leave to file their supplemental complaint. The defendants do not resist the application. The purpose of the supplemental bill is to bring in the Cosler Patent, No. 1,659,723, issued February 21, 1928, and the Gray Patent, No. 1,878,127, issued September 20, 1932.

Defendants resist plaintiffs' motion to dismiss the cross-complaint of the defendants. An examination of the cross-complaint shows that it seeks to bring in for adjudication the Turnbow Patent, No. 2,-193,950.

As indicated by plaintiffs, it is difficult to discern whether the cross-complaint invokes the application of the declaratory judgment act or the law governing the question of interferences. The averments of the cross-complaint show, however, that the described patent by its claims is closely related to the controversy being carried on between the parties on other patents.

The New Rules of Civil Procedure, 28 U.S.C.A. following section 723c, contemplate the greatest liberality in the pleadings. Amendments are liberally allowed in the interest of justice. Moreover, by Rule No. 8, a pleading which sets forth a claim, whether an original claim, counter claim or cross-claim is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." By subparagraph (c) of Rule 8 it is provided that: "When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation." This excerpt is quoted for the purpose of showing the liberal attitude enjoined by the rules upon the courts.

By Rule 12, and particularly subparagraph (b) thereof, it is required that: "Every defense * * * to a claim for relief in any pleading, whether a claim, counterclaim, crossclaim * * * shall be asserted in the responsive pleading * * *."

Rule 13 covers the subject of Counterclaims and is broad enough to permit a pleading of this character. By subparagraph (b) of Rule 13, entitled "Permissive Counterclaims," the following is apposite: "A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim."

An inspection of the cross-complaint shows that the patent it seeks to have brought into the controversy is so closely connected with other patents that, obviously, there should be an adjudication on it. Whether treated in the end as a mere defensive matter, or whether as a cross-complaint, is unimportant at this stage. The duty of the court, regardless of technical averments, is to bring all controversies either existing or such as may arise in the case, so that all questions may be settled.

It follows that the plaintiffs will be permitted to file their supplemental bill and their motion to dismiss the cross-complaint of the defendants will be overruled.