CARL C. ADAIR, as TRUSTEE IN DISSOLUTION OF KONA CORPORATION, a dissolved Hawaii corporation, Plaintiff-Appellant, *v.* EDWARD C. HUSTACE, as TRUSTEE OF THE STILLMAN TRUST; KALOKO LAND CORPORATION; FOOTHILL LAND CORPORATION; MAUNA LOA CATTLE CORPORATION; and KONA COAST COMPANY, Defendants-Appellees.

NO. 5403

APRIL 26, 1974

RICHARDSON, C.J., KOBAYASHI and OGATA, JJ., and CIRCUIT JUDGE CHANG IN PLACE OF LEVINSON, J., RECUSED, and CIRCUIT JUDGE HEEN ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY KOBAYASHI, J.

This case is before the court following our decision in *Adair v. Kona Corporation and Edward C. Hustace*, 51 Haw. 104, 452 P.2d 449 (1969), in which we held that Carl C. Adair as an individual was entitled to transfer of 200 acres of land from Edward C. Hustace as trustee of the Stillman Trust.

FACTS

On July 9, 1962, Hustace, as trustee of the Stillman Trust, sold to Kona Corporation 15,740 acres of fee simple lands in North Kona, island of Hawaii, for a total price of $6,000,000. The sale followed a prior agreement by Hustace to sell the same property at the same price to Adair. Adair won court approval to substitute the Kona Corporation as purchaser of the land in his place. Kona Corporation agreed to pay $500,000 in cash and $5,500,000 by promissory note secured by a purchase money mortgage for the property. Kona Corporation paid the $500,000 pursuant to their agreement with Hustace. The mortgage contained a partial release clause which provided that upon payment of the $500,000 down payment, Hustace would release up to 300 acres of land at the request of Kona Corporation, subject to certain conditions related to the size of the parcels demanded and various easements, the stated purpose being to prevent a patchwork division of the original 15,740 acres or otherwise detrimentally affect the utility or value of the unreleased lands.

On July 17, 1962, Kona Corporation executed an agreement with Adair in which it agreed to convey to Adair 200 of the 300 acres that Kona Corporation was entitled to pursuant to the partial release clause referred to above.

On March 14, 1963, Kona Corporation presented its request for release of 264 acres of land to Hustace, within the terms of their agreement.[1] This 264 acres contained the 200

---

[1] Under the terms of their agreement, Kona Corporation had the right (prior to any default on the purchase price and upon making the $500,000 down payment), to request a release of up to 300 acres. The record indicates that Kona Corporation made a request for only 264 acres prior to default. Thus, having perfected its right to

acres that Kona Corporation had agreed to convey to Adair in its July 17, 1962 agreement. On March 19, 1963, Kona Corporation failed to pay the required installment payment on the purchase price.

Hustace refused to convey the 264 acres and, upon Kona Corporation's default, Hustace foreclosed the mortgage and subsequently entered and took possession of the 15,740 acres.

On March 18, 1963, Adair filed a complaint naming Kona Corporation and Edward C. Hustace, as trustee of the Stillman Trust, for conveyance of 200 acres pursuant to his agreement of July 17, 1962, with Kona Corporation.

Adair was awarded judgment on the 200 acres by the circuit court and Hustace was ordered to convey the property to Adair. The judgment was affirmed on appeal to this court.[2]

On March 25, 1970, Carl C. Adair was named as trustee of Kona Corporation in dissolution after it failed to file annual exhibits.

On February 25, 1972, Carl C. Adair filed this action as an individual and in his capacity as trustee of Kona Corporation in dissolution to recover the remaining 100 acres alleged to be due Kona Corporation under the partial release clause of the mortgage between Hustace and Kona Corporation. Adair was subsequently dismissed from the law suit as an individual and has not appealed that dismissal. He now remains in this action solely in his capacity as trustee in dissolution of Kona Corporation. Hustace was awarded summary judgment in the lower court, and Adair now appeals that disposition of the case.

ISSUE

Whether the judgment in *Adair v. Kona Corporation, supra,* made a final determination on the rights of Kona Corporation regarding all claims to the 264 acres that it had

---

264 acres up until the time of its default on the first mortgage installment, Kona Corporation has effectively waived its right to the remaining 36 acres.

[2] 51 Haw. 104, 452 P.2d 449 (1969).

requested so as to merge all of Kona Corporation's rights to said land under the doctrine of res judicata.

## CROSS-CLAIM

The primary issue to be resolved is whether in *Adair v. Kona Corporation, supra,* Kona Corporation included a cross-claim against its co-defendant in its answer to the original suit filed by Adair against Kona Corporation and Hustace. If Kona Corporation did in fact file a cross-claim, then although the cross-claim under HRCP Rule 13(g) is not compulsory, once asserted it must necessarily have filed its entire claim against Hustace in one action under the merger concept of the doctrine of res judicata.[3]

The record herein reveals that the original complaint by Adair suing as an individual against Kona Corporation and Edward C. Hustace as Trustee for the Stillman Trust (Civil No. 11893 in first circuit court), demanded that Hustace be ordered to release the 200 acres which Adair claimed under his contract with Kona Corporation.

The record further reveals that Adair's complaint also demanded that "Kona Corporation be ordered to execute, acknowledge and deliver to Plaintiff a deed for the 200 acres" in accordance with the contract dated July 17, 1962.

The answer of Kona Corporation to the complaint stated in relevant part:

> For further answer to the complaint, defendant alleges that it is ready and willing to convey the lands described in said Exhibit "A" to plaintiff subject to the easements and restrictions referred to in the preceding paragraph and together with the easement from the Belt Road; that defendant has requested a release of the prop-

---

[3] F. James, Jr., Civil Procedure 550 states:

The term "merger" is used to describe the effect of a judgment in plaintiff's favor. Such a judgment extinguishes the entire claim or cause of action which was the subject of the former action and merges it in the judgment; thereafter plaintiff's rights with respect to that claim or cause of action are confined to proceedings for the enforcement of the judgment — by execution, or supplemental proceedings, or, if need be, by a new action on the judgment. Plaintiff may no longer sue on the original cause of action or any item thereof even if that item was omitted from the original action. (Footnotes omitted.)

erty described in Exhibit "A" from the mortgage referred to in paragraph 6 of the complaint; that as alleged in paragraph 10 of the complaint, defendant Edward C. Hustace, Trustee, and the mortgagee under said mortgage dated July 9, 1962, has refused to release said property from the lien of said mortgage in order that said property may be conveyed free and clear of said mortgage; that upon the release of said property from said mortgage, defendant stands ready to convey the lands described in Exhibit "A" to plaintiff in accordance with the terms of the contract between plaintiff and defendant dated July 17, 1962.

WHEREFORE, defendant prays that defendant Edward C. Hustace, Trustee, be ordered to execute, acknowledge and deliver to defendant a release of the real property described in Exhibit "A" from the mortgage dated July 9, 1962 in order that defendant may convey said property to plaintiff.[4]

Rule 13(g) of the Hawaii Rules of Civil Procedure states:

(g) Cross-Claim Against Co-Party. A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counter-claim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.[5]

And, in *Daily Engineering Corp. v. De-Raef Corp.*, 2 F.R.D. 378, 379 (W.D. Mo. 1942), it is stated:

[A] pleading which sets forth a claim, whether an original claim, counter claim or cross-claim is sufficient if it con-

---

[4] The "Exhibit 'A' " referred to in this pleading is a description of the *200* acres claimed by Carl C. Adair as an individual and attached to Adair's complaint filed March 18, 1963.

[5] HRCP 13(g) is an exact duplicate of the Federal Rules of Civil Procedure 13(g). Therefore any discussion regarding Federal Rule 13(g) is equally applicable to HRCP 13(g).

tains "a short and plain statement of the claim showing that the pleader is entitled to relief." By subparagraph (c) of Rule 8 it is provided that: "When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation." . . .

In *Dausuel v. Dausuel,* 195 F.2d 774 (D.C. Cir. 1952) a proceeding on a judgment creditor's bill by a wife against her divorced husband and another wherein the husband filed an amended answer seeking to set aside the divorce judgment, the court stated at 775:

> Appellant filed on May 11, 1950 an "Amended Answer on Judgment Creditor's Bill and to Set Aside Divorce Judgment on Ground of Fraud and for Divorce to be Granted Defendant on Grounds of Adultery." This pleading alleges appellee testified in the divorce proceedings that she was a faithful and dutiful wife whereas in point of fact she was and had been living in adultery with certain named individuals. It alleges also that appellee testified she did not know what her monthly earnings were, whereas actually she knew they were more than $180. We think this pleading should be construed in accordance with its expressed intention, as a cross-complaint asking annulment of the divorce on the ground it was obtained by fraud. . . .

We are of the opinion that the above cited portion of the answer of Kona Corporation in Supreme Court case No. 4603, 51 Haw. 104, 452 P.2d 449 (1969), was clearly a cross-claim based upon its contractual right to the release of 264 acres and must be so treated.

## RES JUDICATA

We now turn to the doctrine of res judicata to determine whether all of Kona Corporation's rights were adjudicated in the initial action so as to merge the present claim with the original claim.

In *Ellis v. Crockett,* 51 Haw. 45, 55, 451 P.2d 814, 822 (1969), this court cited *In re Bishop Estate,* 36 Haw. 403, 416

(1943), with approval:

> The doctrine of res judicata basically provides that "[t]he judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties or their privies concerning the same subject matter, and precludes the relitigation, not only of the issues which were actually litigated in the first action, but also of all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided.

And, in *Silberstein v. Begun*, 232 N.Y. 319, 324, 133 N.E. 904, 905 (1922), it is stated:

> The rule is well settled that a party cannot split up an entire cause of action and maintain several actions, each for part of his demand. The recovery of one judgment bars his whole claim. (Citations omitted.) The same rule, in the absence of legislative authority to the contrary, applies to a counterclaim.

And, WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE, Civil § 1431 (1971), states at 161:

> As is true in the counterclaim context, the general policy behind allowing cross-claims is to avoid multiple suits and to encourage the determination of the entire controversy among the parties before the court with a minimum of procedural steps. In keeping with this policy the courts generally have construed subdivision [13] (g) liberally in order to settle as many related claims as possible in a single action. . . . (Footnotes omitted.)

We are of the opinion that, upon filing its answer and raising its claim to the 200 acres under the provisions of the mortgage agreement, Kona Corporation was required, in *Adair v. Kona Corporation, supra*, to raise its entire claim for 264 acres against its co-defendant or suffer the consequence of having all further actions on the said claim or any portion thereof merged in the judicial determination on the partial claim which was asserted in the cross-claim under the doctrine of res judicata.

In *Providential Development Co. v. United States Steel Co.*, 236 F.2d 277, 281 (10th Cir. 1956), the court discussed

Rule 13(g) in applying it to a case involving the prior dismissal of a cross-claim as follows:

> The rule is remedial in nature, intended to promote the expeditious and economical adjudication in a single action of the entire subject matter arising from one set of facts; and it should be liberally construed to achieve that commendable objective. The cause of action pleaded in the cross-claim was one falling within the rule; the judgment of dismissal as to Steel adjudicated such claim; and the judgment was available as a defense of res judicata.

Kona Corporation had one claim and one claim only to 264 acres under the partial release clause of the mortgage agreement. The cross-claim, which it filed for 200 of the 264 acres demanded, was clearly an attempt to split an indivisible cause of action. Thus, under the doctrine of res judicata, the final judgment rendered by this court in *Adair v. Kona Corporation, supra,* foreclosed the rights of Kona Corporation to any further action on its one claim. To allow Kona Corporation to now relitigate its claim for the remaining 64 acres would undermine the basic policies for which the doctrine of res judicata stands.

As stated in *Ellis v. Crockett,* 51 Haw. 45, 56, 451 P.2d 814, 822 (1969):

> The policy reasons underlying both *res judicata* and collateral estoppel are several. The public interest staunchly permits every litigant to have an opportunity to try his case on the merits; but it also requires that he be limited to one such opportunity. Furthermore, public reliance upon judicial pronouncements requires that what has been finally determined by competent tribunals shall be accepted as undeniable legal truth. Its legal efficacy is not to be undermined. Also, these doctrines tend "to eliminate vexation and expense to the parties, wasted use of judicial machinery and the possibility of inconsistent results. (Citation omitted.)

Affirmed.

*L. N. Nevels, Jr.,* for plaintiff-appellant.

*Albert I. Moon, Jr., (Ashford & Wriston* of counsel) for defendant-appellee, Edward C. Hustace, as Trustee of the

Stillman Trust.

*G. Richard Morry (Conroy, Hamilton, Gibson, Nickelsen & Rush* of counsel) for defendants-appellees, Kaloko Land Corporation, Foothill Land Corporation, Mauna Loa Cattle Corporation, and Kona Coast Company.