[No. 7390-1-II.   Division Two.   March 25, 1986.]

JANE KRIKAVA, *Appellant,* v. ROBERT WEBBER, ET AL, *Respondents.*

218

*J. A. Heard* and *Johnson, Heard & Shearer,* for appellant.

*Curtis M. Janhunen, Robert L. Charette,* and *Charette, Brown, Edwards, Lewis & Janhunen,* for respondents.

REED, A.C.J.—Jane Krikava appeals the trial court's dismissal, with prejudice, of her claims for damages against Robert Webber and the City of Hoquiam. We affirm the dismissal of her claim against Robert Webber, but we reverse the dismissal of her claim against the City of Hoquiam.

On March 8, 1980, a car driven by Hoquiam police officer Webber collided with a car driven by Jane Krikava. Webber, Krikava, and the passengers in Krikava's vehicle were all injured. One of the passengers was injured fatally. Three lawsuits were filed, two by injured passengers against Krikava, Webber, and the City of Hoquiam, and one by Webber against Krikava. In the first two suits, Krikava cross-claimed against Webber and the City of Hoquiam for contribution and indemnification.

Pursuant to Krikava's motion, the trial court consolidated the three cases and, following consolidation, the parties joined in a settlement. Following the settlement, the trial court entered a dismissal with prejudice of the consolidated actions.

On March 4, 1983, Krikava sued Webber and the City of Hoquiam for damages arising out of the March 8, 1980

accident. Upon the defendants' motion, the trial court dismissed the action with prejudice. In his letter opinion, the trial judge concluded that CR 13(a) mandated the dismissal of Krikava's claim against Webber because, in the prior action by Webber against Krikava, Krikava's failure to assert her claim in a counterclaim, as required by CR 13(a), precludes her from now asserting that claim. The trial judge concluded that Krikava's present claim against the City also was barred because, in the prior actions, she cross–claimed against the City for indemnity and, in doing so, was required to assert all claims she had against the City. Thus, the dismissal of that prior action with prejudice carried with it a dismissal of any claim she had against the City.

We first address the dismissal of Krikava's claim against Webber. The issue posed here can be analyzed in two ways, both of which come under the rubric of res judicata. Res judicata ensures the finality of judgments. *Mellor v. Chamberlin,* 100 Wn.2d 643, 645, 673 P.2d 610 (1983). A dismissal with prejudice, the result in the prior consolidated actions here, is equivalent to a final judgment on the merits to which res judicata principles may apply. *Maib v. Maryland Cas. Co.,* 17 Wn.2d 47, 52, 135 P.2d 71 (1943).

The trial court applied the principle of res judicata, though without invoking that term, to an unasserted compulsory counterclaim. If a party does not assert a compulsory counterclaim, that party is barred from asserting that claim as an independent claim or as a counterclaim in any other action. *See Moritzky v. Heberlein,* 40 Wn. App. 181, 697 P.2d 1023 (1985); 3A L. Orland, Wash. Prac., *Rules Practice* § 5162, at 223 (3d ed. 1980); Restatement (Second) of Judgments § 22(2)(a) (1982). Under CR 13(a) a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." In the context of Webber's claim for damages against Krikava, Krikava's claim for damages against Web-

ber would, unquestionably, be a compulsory counterclaim because it arises out of the accident that was the subject of Webber's claim against her. Contrary to Krikava's assertion, her claim was not the subject of another pending action when Webber made his claim. *See* CR 13(a). Accordingly, we agree with the trial court that Krikava cannot now bring the claim that she asserts against Webber.

The identical result is reached by application of the general test for when res judicata applies. Res judicata applies when a prior judgment has a concurrence of identity in four respects with a subsequent action. There must be identity of (1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made. *Mellor v. Chamberlin,* 100 Wn.2d at 645. We find, without elaboration, that that test is met in this case. Krikava's claim against Webber is barred by res judicata.

The issue of Krikava's claim against the City of Hoquiam, however, is more complex. The rule advanced by the trial court is that once a party brings a cross claim against a coparty, that party must bring all other claims against the coparty that arise from the same transaction or occurrence that is the subject matter of the cross claim.

We decline to adopt such a rule. Even though its application may appear sensible and in accordance with the policies behind res judicata, other considerations speak strongly against its application. One such consideration is fairness. Washington courts have not adopted the rule advanced by the trial court.[1] Consequently, even were we inclined to adopt it, we would not do so retroactively.

More fundamentally, however, CR 13(g) and res judicata principles generally are inconsistent with the idea that a cross claim that could have been brought but was not is

---

[1] At least one jurisdiction has embraced the rule advanced by the trial court. *Adair v. Hustace,* 55 Hawaii 445, 521 P.2d 869, 873 (1974). *But see Answering Serv., Inc. v. Egan,* 728 F.2d 1500, 1503 (D.C. Cir. 1984).

thereby barred. Although there may be circumstances, as we will discuss, in which collateral estoppel may foreclose a claim that could have been brought as a cross claim in a prior action, such circumstances do not exist in this case.

Under CR 13(g), the assertion of a cross claim is permissive.[2] *See Nautilus, Inc. v. Transamerica Title Ins. Co.,* 13 Wn. App. 345, 353, 534 P.2d 1388 (1975); *Kuhn v. Kuhn,* 301 N.W.2d 148 (N.D. 1981); *Chandler v. Cashway Bldg. Materials, Inc.,* 584 S.W.2d 950 (Tex. Civ. App. 1979); 3A L. Orland, Wash. Prac., *Rules Practice* § 5166, at 227 (3d ed. 1980). If coparties assert cross claims and are therefore adversaries, the principles of res judicata apply. *Pacific Nat'l Bank v. Bremerton Bridge Co.,* 2 Wn.2d 52, 59, 97 P.2d 162 (1939); *Snyder v. Marken,* 116 Wash. 270, 272–73, 199 P. 302, 22 A.L.R. 1272 (1921); 2 L. Orland, Wash. Prac., *Trial Practice* § 373, at 417 (3d ed. 1972); Restatement (Second) of Judgments § 38 (1982). Although res judicata may apply when coparties are adversaries through cross pleadings, it applies only to those claims that were actually asserted through cross pleadings. Otherwise, application of res judicata in such circumstances would conflict with the rule that cross claims are permissive.

The fact that a party did not assert a cross claim in a prior action, however, is not determinative of that party's right to assert that claim in later litigation against a coparty to the prior action. Coparties who are not adversaries under the pleadings may be considered adversaries with respect to issues *actually litigated* between them and the opposing party in which the coparties represented interests adverse to each other. *See* 2 L. Orland, Wash. Prac., *Trial Practice* § 373, at 417 (3d ed. 1972); Restatement (Second) of Judgments § 38, comment *a* (1982). In such circumstances, collateral estoppel principles apply.

---

[2] CR 13(g) states, in part:

"A pleading *may* state as a cross claim any claim by one party against a coparty arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action." (Italics ours.)

Restatement § 38, comment *a*. For example, had the prior consolidated actions been litigated and had Krikava been found negligent and the City not negligent, that judgment would be preclusive as to *that issue* in the present suit. *See* Restatement (Second) *of* Judgments § 38, comment *a*, illustration 1 (1982). Because that issue would be determinative of her claim, Krikava would be barred effectively from asserting it now.

Under the circumstances of the instant case, collateral estoppel does not apply because the issue of the coparties' negligence was not litigated; the judgment in the prior consolidated actions was one of dismissal based on a settlement agreement. *See Marquardt v. Federal Old Line Ins. Co.,* 33 Wn. App. 685, 689, 658 P.2d 20 (1983). Res judicata does not apply because Krikava did not cross–claim in the prior litigation against the City for damages for her injuries. Because cross claims are permissive, Krikava cannot be penalized for not previously asserting her claim against the City of Hoquiam. Moreover, the relationship between Krikava's claim against the City and the initial claims by the injured passengers against Krikava, Webber, and the City is not such that, without litigation of the initial claims, successful prosecution of Krikava's present claim would affect the rights established by the settlement of those initial claims. *See* Restatement (Second) of Judgments § 22(2)(b) (1982).

We affirm the dismissal of Krikava's claim against Webber but reverse the dismissal of Krikava's claim against the City of Hoquiam.

PETRICH and ALEXANDER, JJ., concur.

Reconsideration denied April 24, 1986.

Review denied by Supreme Court July 8, 1986.