[No. 50792-3-I.   Division One.   April 19, 2004.]

Delaura Whitson Alishio, *Appellant*, v. The Department of Social and Health Services, *Respondent*.

*Christine A. Jackson* and *Lindal Lillevik* (of *The Defender Association*) and *Winifred M. Wong*, for appellant.

*Christine O. Gregoire, Attorney General,* and *Aileen C. Huang, Assistant,* for respondent.

GROSSE, J. — Collateral estoppel does not prohibit a party from asserting an issue that was not decided in an earlier proceeding. Since Alishio and the Department of Social and Health Services (DSHS) agreed to an order of dependency based on a ground other than neglect, the issue of whether Delaura Whitson Alishio neglected her son was not decided in a dependency proceeding. Because the issue of neglect was not decided in the dependency proceeding, DSHS is not collaterally estopped to assert neglect in a later administrative hearing.

## FACTS

In June 2000, DSHS notified Alishio that it had received reports and made investigative findings that she neglected her son, M.W., by allowing unsupervised contact between him and his uncle, an admitted child molester. DSHS reviewed its findings at Alishio's request, and it affirmed

them. Alishio then requested a hearing to contest the findings before an administrative law judge.

In October 2000, DSHS moved to dismiss Alishio's request for a hearing on the ground of collateral estoppel, arguing that Alishio admitted facts that established neglect in an August 2000 dependency proceeding. In response to DSHS's motion, Alishio moved for summary judgment on the alternative grounds of res judicata and collateral estoppel. Alishio noted that in the earlier dependency proceeding the court found M.W. dependent on the basis that he had no parent, guardian, or custodian capable of providing adequate care, a so-called "(c) dependency," not on the basis of neglect, or "(b) dependency."[1] Based on this, Alishio argued that either the trial court found against DSHS on the issue of neglect (collateral estoppel), or DSHS's decision not to seek a (b) dependency barred it from asserting neglect in an administrative hearing (res judicata).

The administrative law judge granted Alishio's motion based on collateral estoppel; it did not address her res judicata argument. DSHS petitioned for review of the administrative law judge's decision, arguing that Alishio failed to establish the elements of collateral estoppel.

The reviewing judge reversed the administrative law judge's decision because Alishio failed to establish two elements of collateral estoppel. First, the dependency order did not constitute a final adjudication on the merits of the issue of neglect. Second, the issue decided in the dependency proceeding was not identical to the one involved in the administrative hearing. Alishio filed this appeal after the superior court affirmed the reviewing judge's decision.

---

[1] The relevant statute, since amended, provided: " 'Dependent child' means any child: (a) Who has been abandoned . . . ; (b) Who is abused or neglected as defined in chapter 26.44 RCW by a person legally responsible for the care of the child; or (c) Who has no parent, guardian, or custodian capable of adequately caring for the child, such that the child is in circumstances which constitute a danger of substantial damage to the child's psychological or physical development." Former RCW 13.34.030(4) (1999).

## DISCUSSION

■■■ Alishio contends that the reviewing judge erred by concluding that the doctrine of collateral estoppel does not apply against DSHS. Our sole task is to determine whether the reviewing judge erred in interpreting or applying the law.[2] The scope of our review is limited to the administrative record, and thus the superior court's conclusions about the review decision are irrelevant.[3] Alishio has the burden of showing that the reviewing judge erred.[4]

### A. Collateral Estoppel

Alishio maintains that the dependency order decided the issue of neglect in her favor, and that DSHS is collaterally estopped to reassert neglect in an administrative hearing to contest its investigative findings. DSHS responds that the court did not actually decide the issue of neglect in the dependency proceeding, and thus collateral estoppel does not apply.

■■■ "The doctrine of collateral estoppel differs from res judicata in that, instead of preventing a second assertion of the same claim or cause of action, it prevents a second litigation of issues between the parties, even though a different claim or cause of action is asserted."[5] A party asserting collateral estoppel must show that the issue decided in the prior adjudication is identical to the one presented in the second.[6] If an issue is merely raised in the pleadings in the earlier proceeding, but not actually litigated or decided by the court, collateral estoppel does not

---

[2] *Tapper v. Employment Sec. Dep't*, 122 Wn.2d 397, 402, 858 P.2d 494 (1993); *Aponte v. Dep't of Soc. & Health Servs.*, 92 Wn. App. 604, 615, 965 P.2d 626 (1998); *see* RCW 34.05.570(3).

[3] *Waste Mgmt. of Seattle, Inc. v. Utils. & Transp. Comm'n*, 123 Wn.2d 621, 632, 869 P.2d 1034 (1994).

[4] RCW 34.05.570(1)(a).

[5] *Seattle-First Nat'l Bank v. Kawachi*, 91 Wn.2d 223, 225-26, 588 P.2d 725 (1978).

[6] *Hanson v. City of Snohomish*, 121 Wn.2d 552, 562, 852 P.2d 295 (1993).

bar litigation of the issue in a later proceeding.[7] Furthermore, collateral estoppel does not apply where an ambiguous or indefinite decision makes it unclear whether the issue was previously determined.[8]

Here, Alishio admits that she and DSHS agreed to a (c) dependency order. She further admits that she "would not have agreed to a finding of abuse and neglect and would have gone to trial . . . on the dependency had DSHS insisted on a finding of abuse and neglect." We can only conclude from this statement that the parties did not actually litigate the issue of neglect. Rather, it appears that the parties deliberately avoided the issue by agreeing to resolve the matter based on the finding of a (c) dependency.

At most, the dependency order's silence on the issue of neglect makes it unclear whether the trial court actually decided the issue. But again, collateral estoppel does not apply when it is unclear that an issue was previously determined.

For these reasons, Alishio failed to show that the issue of neglect was actually litigated and decided in the dependency proceeding. Consequently, the reviewing judge correctly concluded that collateral estoppel does not bar DSHS from asserting neglect and litigating it in an administrative hearing.

Although Alishio relies on *Miles v. Child Protective Services Department*[9] to argue that an agreed dependency order is a final decision on the merits, her argument begs the question of whether the trial court actually decided the issue of neglect in this case. In *Miles*, it was clear that the trial court in the earlier proceeding affirmatively decided the issue that the plaintiffs tried to attack collaterally in a later proceeding. Here, in contrast, it is evident that the

---

[7] 46 Am. Jur. 2d *Judgments* § 542 (1994); *see Krikava v. Webber*, 43 Wn. App. 217, 222, 716 P.2d 916 (1987) (where the issue of negligence was dismissed under a settlement agreement, collateral estoppel does not apply because the issue was not litigated).

[8] *Estate of Sly v. Linville*, 75 Wn. App. 431, 435, 878 P.2d 1241 (1994).

[9] *Miles v. Child Protective Servs. Dep't*, 102 Wn. App. 142, 153, 6 P.3d 112 (2000).

trial court did not decide the issue of neglect. *Miles* therefore fails to support Alishio's collateral estoppel argument.

## B. Res Judicata

Alishio also assigns error to the conclusion that res judicata does not apply against DSHS.[10] Alishio contends that res judicata bars DSHS from asserting neglect in the administrative hearing because it could have litigated the issue in the dependency action, but it chose not to. DSHS responds that res judicata does not apply because the cause of action in the dependency proceeding was not identical to the cause of action in the administrative hearing.

■ ■ A party asserting res judicata must establish "a concurrence of identity" in (1) subject matter, (2) cause of action, (3) persons and parties, and (4) quality of the persons for or against whom the claim is made.[11] To determine whether causes of action are identical, courts consider: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second lawsuit, (2) whether substantially the same evidence is presented in the two suits, (3) whether the two suits involve infringement of the same right, and (4) whether the two suits arise out of the same transactional nucleus of facts.[12]

Alishio argues that the causes of action are identical because her rights and interests in the order of dependency would be destroyed if DSHS's investigative findings were upheld in the administrative hearing. We disagree. Assuming that Alishio is correct that she has a right to parent her children without being unjustly and maliciously labeled a child abuser, she fails to show how the order of dependency established this right. Far from establishing a right, the

---

[10] Although neither the administrative law judge nor the reviewing judge analyzed the res judicata issue, we address it because the parties have briefed the issue in every stage of the proceedings below, and it remains a potential basis upon which we may affirm the administrative law judge's decision.

[11] *Hisle v. Todd Pac. Shipyards Corp.*, 113 Wn. App. 401, 410-11, 54 P.3d 687 (2002), *review granted*, 149 Wn.2d 1017, 72 P.3d 761 (2003).

[12] *Hisle*, 113 Wn. App. at 412.

8

dependency order substantially abated Alishio's right not to have the State intervene in her family's life because the court concluded that the intervention was necessary to secure her son's right to "basic nurture, physical and mental health, and safety."[13]

We also disagree with Alishio that the dependency proceeding and the administrative hearing involve the infringement of the same right. At a certain level of abstraction, Alishio's argument has some appeal because the statutes that established the dependency and administrative proceedings generally share the purpose of securing the rights of parents and children.[14] At a more concrete level, however, the purposes and functions of the dependency proceeding and the administrative hearing are distinct, and each affects Alishio's rights in different ways. A dependency proceeding primarily affects Alishio's right to rear her son without state intervention. It prescribes certain requirements that Alishio must fulfill and it authorizes the State to remove M.W. from the home if Alishio does not satisfy certain conditions. In contrast, the administrative hearing on DSHS's investigative findings would do none of these things. Although the findings, if upheld, might ultimately be used to determine Alishio's suitability to work or volunteer with children, they would not inhere the same legal consequences or affect the same rights as the dependency proceeding.[15]

For these reasons, Alishio failed to show that the causes of action were identical, and therefore her res judicata argument fails.

We affirm the reviewing judge's decision and order.

ELLINGTON, A.C.J., and BECKER, J., concur.

Review denied at 153 Wn.2d 1013 (2005).

---

[13] RCW 13.34.020.

[14] *See* RCW 13.34.020; RCW 26.44.010.

[15] *See* RCW 26.44.100(2)(c).