# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| NORMAN COHEN, | ) | NO. 72718-4-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| RALPH CARR, JR. and MICHAEL | ) | UNPUBLISHED OPINION |
| FLYNN, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | FILED: January 25, 2016 |
| | ) | |

SPEARMAN, C.J. — Norman Cohen appeals from the summary judgment dismissal of his lawsuit against Ralph Carr, Jr. and Michael Flynn. Finding no error, we affirm.

## FACTS

Between 1998 and 2000, Cohen represented Carr in an employment law matter. On March 29, 2006, the Supreme Court disbarred Cohen for conduct related to his representation of Carr and ordered him to pay Carr $8,118.75 in restitution.

Cohen did not pay Carr. In 2010, Carr retained Flynn to file suit against Cohen and Cohen's wife Verlaine Keith-Miller in King County Superior Court Cause No. 10-2-34254-1 SEA. The complaint sought a judgment on the restitution

order against Cohen and to set aside Cohen's alleged fraudulent transfer of real property to Keith-Miller.

After receiving service of the complaint, Cohen sent Carr a written statement of his intention to appear and defend in the suit. However, neither Cohen nor Keith-Miller ever filed a notice of appearance. Carr moved for default without providing notice to Cohen or Keith-Miller. Concluding that neither Cohen nor Keith-Miller had appeared in the action, a superior court commissioner entered a default judgment and issued a writ of garnishment against Keith-Miller's earnings. Cohen and Keith-Miller successfully vacated the default judgment and quashed the writ of garnishment based on lack of notice. All earnings garnished by Keith-Miller's employer were returned to her.

Cohen and Keith-Miller subsequently filed answers and asserted counterclaims for Civil Rule (CR) 11 sanctions. However, neither Cohen nor Keith-Miller asserted that the garnishment was wrongful. The parties ultimately reached a settlement in which Keith-Miller paid Carr $12,000 and all claims arising from the case were dismissed with prejudice.

In 2013, Cohen filed suit against Carr and Flynn in King County Superior Court Cause No. 13-2-38375-6 SEA. Cohen's complaint alleged that the earlier garnishment by Carr was wrongful and that Flynn violated the Rules of Professional Conduct (RPC) in bringing the prior suit. The parties filed competing motions for summary judgment. The superior court granted Carr and Flynn's

motion and dismissed the action. The superior court denied Cohen's motion for reconsideration. Cohen appeals.

## DECISION

We review a summary judgment order de novo, engaging in the same inquiry as the superior court.[1] Lybbert v. Grant County, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000). We view the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. Lybbert, 141 Wn.2d at 34. If the plaintiff "'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,'" summary judgment is proper. Young v. Key Pharmaceuticals, Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989) (quoting Celotex v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 2552, 91 Led2d 265 (1986)).

We review the denial of a motion for reconsideration for abuse of discretion. Rivers v. Wash. State Conference of Mason Contractors, 145 Wn.2d 674, 685, 41 P.3d 1175 (2002). A court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons. In re Marriage of Horner, 151 Wn.2d 884, 893, 93 P.3d 124 (2004).

---

[1] In both his opening and his reply brief, Cohen refers to pleadings from No. 10-2-34254-1 SEA that were not part of the record on appeal in No. 13-2-38375-6 SEA. Carr and Flynn moved to strike those portions of Cohen's brief. We grant the motion, as RAP 9.12 limits this court's review of a superior court order granting or denying summary judgment to evidence presented to the superior court. Dewar v. Smith, 185 Wn. App. 544, 566, 342 P.3d 328, review denied, 183 Wn.2d 1024 (2015).

Cohen first contends that the superior court erred in making findings of fact in a summary judgment order. Cohen points to the first paragraph in the summary judgment order, which states:

> The above entitled court having read both parties motions for respective summary judgments, each party's response, and each party's reply, and having read and reviewed the exhibits and declarations attached thereto, and the Court having reviewed the files and pleadings herein, the Court <u>hereby makes the following findings</u> and issues the following order . . . .

Clerk's Papers (CP) at 209. (Emphasis added). However, despite the inclusion of this language, the superior court did not make findings as to disputed facts. Instead, the superior court properly summarized the background of the case and determined that Carr and Flynn were entitled to dismissal as a matter of law. Moreover, even had the recitations been intended as findings, because our review is de novo they would be "'merely superfluous and of no prejudice.'" <u>Gates v. Port of Kalama</u>, 152 Wn. App. 82, 87 n.6, 215 P.3d 983 (2009) (quoting <u>State ex rel. Carroll v. Simmons</u>, 61 Wn.2d 146, 149, 377 P.2d 421 (1962)). Cohen also contends the superior court failed to view the evidence in a light most favorable to him as the nonmoving party. Again, our de novo standard of review renders this claim immaterial.

Cohen argues that the superior court erred in dismissing his claim for wrongful garnishment. However, Cohen waived this claim by failing to assert it as a counterclaim in the prior suit. CR 13(a), which governs compulsory counterclaims, states:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

A party who fails to assert a compulsory counterclaim is barred from asserting the claim in a subsequent action. Krikava v. Webber, 43 Wn. App. 217, 219, 716 P.2d 916 (1986).

Cohen's claim for wrongful garnishment was a compulsory counterclaim under CR 13(a). Because it was based on the fact that Keith-Miller's earnings were garnished following a default judgment that was later vacated, it was mature and available to Cohen at the time he filed his answer. It also necessarily arose out of the judgment that was the subject of the prior suit. Finally, the claim did not require the presence of third parties because both Cohen and Carr were parties to the prior suit. Accordingly, Cohen waived the claim by failing to assert it in the prior suit and the superior court properly granted summary judgment.[2] Consequently, we need not address the merits of Cohen's claim that Carr is collaterally estopped from relitigating the issue of whether the garnishment was wrongful.

---

[2] The superior court declined to bar Cohen's wrongful garnishment claim as a compulsory counterclaim, citing RCW 6.26.040, which provides that an action for damages arising from a prejudgment writ of garnishment "may be brought by way of a counterclaim in the original action or in a separate action. . . ." (Emphasis added). However, chapter 6.26 RCW applies only to writs issued prior to a judgment. Here, the writ was issued after a judgment. Such writs are governed by chapter 6.27 RCW, which does not contain an equivalent provision. We may affirm the superior court's summary judgment decision on any ground supported by the record. LaMon v. Butler, 112 Wn.2d 193, 200-01, 770 P.2d 1027 (1989).

Cohen contends that the superior court "fail[ed] to recognize that Carr's liability is not predicated solely on RCW 6.26.040 [but] also based on a conversion theory, negligence per se theory, an outrageous conduct theory, and on the theory that violations of some criminal statutes give rise to civil liability." Br. of Appellant at 7-8. Cohen did not plead any of these claims in his complaint or address them in his motion for summary judgment. A new theory of liability not properly raised in the superior court may not be raised for the first time on appeal. RAP 2.5(a).

Cohen also claims the superior court erred in dismissing his claim against Flynn for allegedly violating the RPC. However, it is well settled that violations of the RPC do not give rise to a civil cause of action. Hizey v. Carpenter, 119 Wn.2d 251, 259-60, 830 P.2d 646 (1992); Behnke v. Ahrens, 172 Wn. App. 281, 297, 294 P.3d 729 (2012). Rather, "breach of an ethics rule provides only a public, e.g., disciplinary, remedy and not a private remedy." Hizey, 119 Wn.2d at 259 (citing 1 R. Mallen & J. Smith, Legal Malpractice § 6.27 (3d ed. 1989)). Because Cohen failed to show he had a viable cause of action, the superior court properly dismissed this claim.

Cohen appears to claim that Flynn was judicially estopped from seeking summary judgment dismissal on this ground because "Flynn prepared, signed and served Carr's case No. 10-2-34254-1 which is a lawsuit seeking money judgment for appellant's violation of the RPC's [sic]. . . ." Br. of Appellant at 6. "Judicial estoppel is an equitable doctrine that precludes a party from asserting one

position in a court proceeding and later seeking an advantage by taking a clearly inconsistent position.'" <u>Arkison v. Ethan Allen, Inc.</u>, 160 Wn.2d 535, 538, 160 P.3d 13 (2007) (quoting <u>Bartley-Williams v. Kendall</u>, 134 Wn. App. 95, 98, 138 P.3d 1103 (2006)). Cohen misapprehends the nature of the earlier suit. Carr sued Cohen for a judgment on a restitution order, not for Cohen's violations of the RPC in representing him. Because Flynn's position was not inconsistent with the prior suit, judicial estoppel does not apply.

Both parties request attorney fees on appeal. RAP 18.9(a) authorizes this court to order a party who files a frivolous appeal to pay attorney fees and costs to the opposing party. Because Cohen's appeal is frivolous, we exercise our discretion and grant Carr and Flynn their reasonable attorney fees and costs on appeal upon compliance with RAP 18.1(d).

_Spearman, C.J._

WE CONCUR:

_____        _____
Appelwick, J.

7