# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ELLIOTT BAY ADJUSTMENT CO., INC., | No. 75215-4-I |
| Respondent, | DIVISION ONE |
| v. | PUBLISHED OPINION |
| CAREN DACUMOS, | FILED: August 21, 2017 |
| Petitioner. | |

COURT OF APPEALS DIV I STATE OF WASHINGTON

2017 AUG 21 AM 8: 57

FILED

BECKER, J. — The dismissal with prejudice of this low-dollar collection action was a final judgment. The defendant was the prevailing party and was entitled to an award of reasonable attorney fees under RCW 4.84.250. The lower courts erred in concluding otherwise.

## FACTS

Elliott Bay Adjustment Co. Inc., a debt collection agency, sued Caren Dacumos in King County District Court in October 2014. Elliott Bay alleged that Dacumos owed $482.84 to Seattle Obstetrics and Gynecology Group, one of Elliott Bay's clients.

According to Dacumos, she immediately called Elliott Bay when she was served with the summons and complaint and told them she had already paid the bill in full. Elliott Bay told her she needed to make payments in order to avoid

having a judgment entered against her, having her wages garnished, and owing interest and attorney fees. Dacumos paid $50 per month for five months before retaining counsel. In June 2015, Dacumos, through counsel, filed an answer in which she requested dismissal of the action and asserted her entitlement to an award of attorney fees under RCW 4.84.250.

Elliott Bay moved for summary judgment in August 2015 while simultaneously providing discovery requested by Dacumos. Dacumos asked Elliott Bay to continue the hearing on summary judgment or strike the motion to allow time to consult about issues raised by Elliott Bay's discovery response. In a letter to counsel for Dacumos, Elliott Bay insisted there were no discovery issues and the hearing should proceed as scheduled. Elliott Bay threatened to request "significant" attorney fees given the "extensive time" counsel had devoted to the matter.

Elliott Bay's motion for summary judgment was documented by a patient account statement on which "all charges and credits" were purportedly listed. Dacumos submitted a response brief supported by a bank statement showing she had made a payment of $541.10 that was not credited on the patient account statement.

Elliott Bay learned from its client that the payment of $541.10 had mistakenly been credited to another patient. Elliott Bay struck its motion for summary judgment and moved for a voluntary dismissal under CRLJ 41(a)(1)(ii). Elliott Bay proposed an order dismissing the action without prejudice and without costs.

Dacumos asked the court to enter a dismissal with prejudice. At the same time, she requested an award of attorney fees for having to defend against vexatious litigation.

When a plaintiff moves for a voluntary dismissal, presumptively the dismissal will be without prejudice to the plaintiff's right to refile the action. The rule does not, however, guarantee that the dismissal will be without prejudice. CRLJ 41(a)(4) provides, "*Unless otherwise stated in the order of dismissal, the dismissal is without prejudice.*" (Emphasis added.) By its terms, the rule allows the court, in its discretion, to rule that a voluntary dismissal will be with prejudice. Ordinarily, a court will enter a dismissal with prejudice only if a dismissal without prejudice would be pointless. See, e.g., Escude ex rel. Escude v. King County Pub. Hosp. Dist. No. 2, 117 Wn. App. 183, 69 P.3d 895 (2003); In re Det. of G.V., 124 Wn.2d 288, 297-98, 877 P.2d 680 (1994).

Elliott Bay filed a pleading admitting that the debt had been paid and Dacumos was entitled to a refund of the amount she had overpaid. The district court, recognizing that a dismissal without prejudice would be pointless, entered a dismissal with prejudice. But the order of dismissal denied Dacumos's request for attorney fees.

The next day, Dacumos filed a motion for an award of attorney fees, citing RCW 4.84.250 as the basis for the award. Her motion acknowledged that she had previously requested attorney fees, unsuccessfully, under the court's inherent power to penalize vexatious litigation. "However, now that the case has been dismissed with prejudice, which operates as a judgment on the merits,

3

Plaintiff moves this Court for attorney's fees under RCW 4.84.250." The court's denial of this second request for attorney fees is the subject of this appeal. Dacumos appealed to King County Superior Court. The superior court affirmed. This court's commissioner granted discretionary review on the ground that the case raised an issue of public interest that warranted review under RAP 2.3(d)(3).

An appeal from a superior court order affirming a district court order is governed by RALJ 9.1. We review the record before the district court. Factual issues are reviewed for substantial evidence, and legal issues are reviewed de novo. State v. Moore, 178 Wn. App. 489, 497, 314 P.3d 1137 (2013).

Elliott Bay attempts to have us analyze the lower court decisions as if they involved factual issues, but they do not. Whether a statute authorizes an award of attorney fees is a question of law reviewed de novo. Niccum v. Enquist, 175 Wn.2d 441, 446, 286 P.3d 966 (2012); Wachovia SBA Lending, Inc. v. Kraft, 165 Wn.2d 481, 488, 200 P.3d 683 (2009).

Attorney fees "shall be taxed and allowed to the prevailing party" in an action for damages where the amount pleaded by the prevailing party is less than $10,000. RCW 4.84.250. One situation in which the defendant is deemed the prevailing party is if the plaintiff recovers nothing. RCW 4.84.270. But a defendant is not deemed the prevailing party when the plaintiff recovers nothing if the action is dismissed without prejudice as a result of the plaintiff's voluntary nonsuit. To establish the defendant's right to attorney fees in that situation, there must be an entry of judgment, according to the three-part test adopted in

AllianceOne Receivables Mgmt., Inc. v. Lewis, 180 Wn.2d 389, 398-99, 325 P.3d 904 (2014). Here, the district court stated that the "order on dismissal does not fulfill the statutory requirement for a judgment" and refused to award fees under RCW 4.84.250.

The district court and superior court committed legal error in relying on AllianceOne to conclude that Dacumos was not entitled to fees. In that case, the dismissal was without prejudice. Here, Elliott Bay's claim was dismissed with prejudice. This difference is dispositive.

A dismissal with prejudice constitutes a final judgment on the merits. Maib v. Maryland Cas. Co., 17 Wn.2d 47, 135 P.2d 71 (1943); Hisle v. Todd Pac. Shipyards Corp., 151 Wn.2d 853, 865 n.10, 93 P.3d 108 (2004); Banchero v. City Council of City of Seattle, 2 Wn. App. 519, 525, 468 P.2d 724, review denied, 78 Wn.2d 993 (1970); Krikava v. Webber, 43 Wn. App. 217, 219, 716 P.2d 916, review denied, 106 Wn.2d 1010 (1986). AllianceOne does not alter this precedent. Once the district court decided to dismiss Elliott Bay's complaint with prejudice rather than without prejudice, the dismissal functioned as a final judgment.

A final judgment is "a court's last action that settles the rights of the parties and disposes of all issues in controversy, except for the award of costs (and, sometimes, attorney's fees) and enforcement of the judgment." BLACK'S LAW DICTIONARY 971 (10th ed. 2010). A voluntary dismissal is not a final judgment by this definition when it "leaves the parties as if the action had never been brought." Wachovia, 165 Wn.2d at 492.

5

On the other hand, a voluntary dismissal *is* a final judgment when the court elects to dismiss with prejudice because then it does not leave the parties as if the action had never been brought. The district court's decision to dismiss with prejudice barred Elliott Bay from bringing the same claim against Dacumos. It was a court's last action that settled the rights of Elliott Bay and Dacumos and disposed of all issues in controversy, except attorney fees. Thus, the district court erred in concluding that the order of dismissal with prejudice was not a judgment.

AllianceOne includes the statement that a voluntary dismissal "does not result in an entry of judgment." AllianceOne, 180 Wn.2d at 399. The district court may have concluded that this statement was the controlling holding. But in context, it is clear the AllianceOne court was discussing the effect of a voluntary dismissal *without prejudice*, as that was the fact pattern under consideration—as was also true in Wachovia, 165 Wn.2d at 492 ("a 'voluntary dismissal' is not a final judgment"). The court was not asked to address the fact pattern here, where the action is dismissed *with prejudice* and cannot be refiled.

By dismissing with prejudice, the district court established that Elliott Bay would never recover anything. The reasoning of AllianceOne, which compelled *denial* of attorney fees under RCW 4.84.250 to a defendant who obtained a dismissal of a voluntary nonsuit without prejudice, compels the *granting* of attorney fees to a defendant when the complaint is dismissed with prejudice and RCW 4.84.250 is applicable.

Elliott Bay nevertheless contends that the denial of fees must be affirmed because Dacumos did not properly take exception or assign error to the superior court's findings and conclusions when moving for discretionary review. This claim is without merit. Again, whether Dacumos is entitled to an award of attorney fees is a legal issue, not a factual issue. The superior court gave written reasons for its decision as required by RALJ 9.1(g). These reasons, though misleadingly labeled "findings and conclusions" in an order prepared by Elliott Bay, were not an exercise in fact-finding but rather an exercise in legal reasoning by a court conducting appellate review.

First, the superior court reasoned that the district court orders "were not intended to be a judgment or a ruling on the merits." But there was no ambiguity about what the district court intended when it crossed out the phrase proposed by Elliott Bay—"without prejudice"—and dismissed Elliott Bay's debt collection action "with prejudice." The effect of the order comes from the words used: a dismissal "with prejudice" is a final judgment.

Second, the superior court affirmed the denial of fees on the ground that Dacumos failed to provide a supporting fee declaration with time records and any fee agreement she had signed. Elliott Bay does not cite any authority requiring a party to submit a fee declaration before the issue of entitlement to an award of fees has been resolved.

Third, the superior court accepted Elliott Bay's argument that the legal proceedings against Dacumos "should have been resolved with a de minimis amount of attorney fees incurred on behalf of the Defendant." This was not an

appropriate legal basis for determining that Dacumos should be denied an award of fees. An award of attorney fees under RCW 4.84.250 is mandatory if the defendant meets the criteria of the statute. The amount of the award is to be calculated using the lodestar method: the court must multiply the number of hours reasonably expended in the litigation by a reasonable hourly rate of compensation. Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 597-98, 675 P.2d 193 (1983). After the lodestar is calculated, the court may consider the necessity of adjusting it to reflect other relevant factors. Bowers, 100 Wn.2d at 598.

The superior court short-circuited the lodestar process by accepting at face value Elliott Bay's assertion that Dacumos could have readily resolved the matter without having to retain a lawyer if only she had informed Elliott Bay or its client that she believed she had paid the bill. Examination of the district court record reveals substantial support for the opposite conclusion—that Dacumos did inform Elliott Bay that she had already paid the bill. Yet Elliott Bay persisted with the lawsuit and did not back down until Dacumos, assisted by counsel, pointed out the holes in Elliott Bay's summary judgment documentation.

The superior court failed to appreciate that litigants have difficulty in obtaining counsel to assist in defending against collection activity when the alleged debt is small. An illustrative case is Target Nat'l Bank v. Higgins, 180 Wn. App. 165, 189-90, 321 P.3d 1215 (2014). Jeanette Higgins was sued by Target for an allegedly unpaid credit card debt of over $2,000. Represented by counsel, Higgins obtained release from the claim on summary judgment when

Target failed to produce admissible evidence that she owed a debt. Higgins requested attorney fees of over $11,000 on contractual and statutory grounds including RCW 4.84.250. Higgins, 180 Wn. App. at 169-72. The trial court awarded fees, though not under RCW 4.84.250, and reduced the award to approximately one half the amount requested because the amount in controversy was small. Higgins, 180 Wn. App. at 172.

On appeal, the court determined Higgins was entitled to an award of fees under RCW 4.84.050 and remanded for redetermination of the amount. Higgins, 180 Wn. App. at 193-95. The court explained that in light of the purpose of RCW 4.84.250, calculation of an award of reasonable attorney fees should not be affected by the fact that the amount in controversy is low:

> The facts in this appeal fulfill the purpose behind the small claims settlement statute and beg for an award of fees unencumbered by the amount in controversy. Jeanette Higgins' defense was undesirable work to the great majority of attorneys. Unless Higgins won and she was awarded fees, her attorney might never obtain payment. Many law firms would not allow Higgins through the office front door. Since the amount at issue was small, many lawyers would shun her request for employment and advise her that it is not economical to hire an attorney or advise her to employ an incompetent attorney who lacks work.
>
> Higgins denied the debt such that discovery was needed to discern the basis of Target's claim. Large corporate defendants can be uncooperative in discovery, leading to an increase in effort expended by the debtor's attorney. The delay by Target and its filing of a summary judgment motion before answering discovery illustrates the truth to this generalization.
>
> Higgins' attorney should be applauded for performing a service to that portion of the community that often lacks legal assistance. He should be recompensed for his services. Target, who could not present facts showing any amount owed, should pay for those services rather than Higgins. Target was warned by Higgins' counsel not to proceed further with the lawsuit, but Target insisted on continuing with litigation with the result that Higgins'

counsel's fees increased. Target's attorneys have likely been paid their entire bill. Higgins' attorney should also be paid his.

Higgins, 180 Wn. App. at 192-93.

Like in Higgins, the defense of Dacumos—who allegedly owed a debt of less than $500—was undoubtedly undesirable work to many attorneys. She was at a disadvantage in defending herself because she did not know about the billing error. When she called Elliott Bay, she reluctantly agreed to pay $50 per month toward a debt she did not owe. RCW 4.84.250 mandates that her attorney is to be recompensed for the considerable amount of work involved in freeing Dacumos from the unwarranted claim.

As a fourth reason for affirming the denial of attorney fees, Elliott Bay asserted collateral estoppel, citing the test set forth in Christensen v. Grant County Hosp. Dist. No. 1, 152 Wn.2d 299, 307, 96 P.3d 957 (2004).

Dacumos first requested attorney fees in her response to Elliott Bay's motion for a voluntary dismissal. She argued an award of attorney fees was justified based on Elliott Bay's substantive and procedural bad faith, citing Rogerson Hiller Corp. v. Port of Port Angeles, 96 Wn. App. 918, 927-29, 982 P.2d 131 (1999), review denied, 140 Wn.2d 1010 (2000). The district court then entered the order dismissing Elliott Bay's action with prejudice and denying the request for attorney fees. Elliott Bay argues that if the dismissal was a final judgment on the merits, it precluded the court from granting the request Dacumos made the next day for attorney fees under RCW 4.84.250.

The superior court rejected this argument and so do we. There was not an identity of issues. After the case was dismissed with prejudice, Dacumos

10

requested attorney fees under RCW 4.84.250, a basis she did not raise in her previous motion because she had not yet obtained a final judgment. And the request for attorney fees under RCW 4.84.250 was not a new proceeding; it was part and parcel of the debt collection action. As discussed above, the issue of attorney fees is not necessarily included in the controversies resolved in a final judgment. Once the court entered the order of dismissal that functioned as a final judgment in favor of Dacumos, the court was not precluded from awarding the attorney fees Dacumos was entitled to as the prevailing party under RCW 4.84.250.

We reverse the superior court's order and direct that the case be remanded to district court for an award of reasonable attorney fees, including the fees Dacumos incurred in appealing to the superior court. Dacumos is also entitled to reasonable attorney fees for this appeal. RCW 4.84.290. This court will make an award to Dacumos for her fees incurred in this review, subject to compliance with RAP 18.1(d).

Reversed and remanded.

Becker, J.

WE CONCUR:

Spearman, J.

Appelwick, J.

11