[No. 1368. Decided December 26, 1894.]

CHARLES REICHENBACH ET AL., *Appellants*, v. WASHINGTON SHORT LINE RAILWAY COMPANY, *Respondent.*

DEED—EASEMENT—ABANDONMENT—FORFEITURE BY ASSIGNEE.

Under Code Proc., § 529, an action will lie to recover possession of realty and at the same time remove a cloud upon its title.

The title acquired by a grantee to a right-of-way for a railroad is an easement and not a fee, when the instrument provides that he shall have and hold the land "so long as the same shall be used for the operation of a railroad," upon the express conditions that the railroad shall be constructed on or before a certain date, that the grantee "shall not fence said right-of-way" and that the grantor shall have the right to cross and re-cross the same.

In such case, the condition that the railroad shall be completed by a certain date constitutes a condition subsequent and not a covenant.

An action to declare a forfeiture of an easement for breach of a

condition attached to the grant may be maintained by an assignee of the grantor.

*Appeal from Superior Court, Pierce County.*

*Doolittle & Fogg* and *Frank D. Nash*, for appellants.

As to words necessary to create a grant upon condition, counsel cite *Gray v. Blanchard*. 8 Pick. 291; *Rawson v. Inhabitants of School District*, 7 Allen, 128.

Breach of condition subsequent gives a right of action in ejectment. *Hammond v. Railroad Co.*, 15 S. C. 10; *Taylor v. Sutton*, 60 Am. Dec. 682; *Blanchard v. Detroit, etc., R. R. Co.*, 31 Mich. 50.

*Ashton & Chapman*, for respondent.

The opinion of the court was delivered by

STILES, J.—The complaint showed that on the 12th day of May, 1887, the appellants and Thomas L. and Cora E. Nixon, as owners of certain lots in Wallace's Addition to Tacoma, executed and delivered to Allen C. Mason a deed for a right of way over said lots for a railroad. The deed was set out by way of exhibit to the complaint, and recites the purpose of Mason to build a railroad, the consideration of one dollar, and the benefit to accrue to the grantors from the construction of the railroad. The granting clause gives to the grantee, his heirs or assigns, "the right and privilege of surveying and laying out, by his or their agents and engineers, through, over, across and along the land hereinbefore described the route and site of said railroad," and grants, bargains, sells and conveys unto the said party of the second part and to his heirs and assigns, a right of way for said railroad, twelve feet in width, to be located by him or them, through, over, across and along said land. The remaining portions of the conveyance read as follows:

"To have and to hold the same to the said party of the second part, and to his heirs and assigns, so long as the same shall be used for the operation of a railroad.

" Provided, nevertheless, and these presents are upon the express conditions:

"First.   That the said party of the second part, his heirs or assigns, shall construct and complete said railroad on or before the first day of January, eighteen hundred and eighty-eight.

"Second.   That the party of the second part, his heirs or assigns, shall not fence said right of way.

"Third.   That the granting of said right of way shall not in any manner prejudice the right of the parties of the first part, heirs or assigns, to cross and re-cross the same, and should said right of way be located on the shore line, it shall not prejudice any right which parties of the first part, their heirs or assigns would otherwise have had by reason of said land fronting tide water."

The complaint shows the conveyance of this right of way by Mason to the respondent, and the failure of each to construct the railroad on or before January 1, 1888; and after alleging that January 13, 1888, the Nixons conveyed their interest in the said lots to appellants, who are now the owners of the same, it demands the cancellation of the right of way deeds, and the possession of the lands.

There was a demurrer to this complaint :

1.   For a defect of parties, to-wit, the Nixons, for that the alleged breach of the conditions, if any, inured only to all of the grantors named in the deed, and could not be taken advantage of by part of them.

2.   That there was not a statement of facts sufficient to constitute a cause of action.

There were other specific points stated in the demurrer, and an allegation of estoppel, by conduct ; but the case as presented here is covered by the two assignments noted.

It seems to us that the theory of appellants as to the nature of this action is correct, viz., that it is brought under Code Proc., § 529, and not under § 544. As the former section existed in the Code of 1881 (§ 536), it may be doubtful whether the whole of the relief herein demanded could have been had, but as it was amended in 1890, it seems to cover the whole ground. Under the common law, if the estate were a grant in fee, two actions would have been necessary, one to remove the cloud and another to recover the possession. Section 544, now, as formerly, when it was a part

of § 551 (Code of 1881), provides for many cases, one of which would be the removal of a cloud upon title, at the suit of one in possession, or by one out of possession when no one is in possession. *Smith v. Wingard*, 3 Wash T. 291 (13 Pac. 717), was a case of one in possession suing under ch. 46 of the Code of 1881, when ch. 47 provided the proper remedy. *Spithill v. Jones*, 3 Wash. 290 (28 Pac. 531), is in line with *Smith v. Wingard*. The complaint alleges that the defendant is in possession, and the ultimate object is to recover that possession. Under the statute there may be some difficulty in trying a case in which both legal and equitable principles are necessarily involved, to a jury ; but that is a matter yet to be reached.

Before determining the question of parties it is necessary, we think, to ascertain what the deed conveyed, and whether the building of the proposed railroad was a covenant or a condition subsequent. The respondent treats the deed as a conveyance in fee, and maintains that the agreement to build the railroad was a covenant merely. We do not agree with this position on either point. The conveyance is one of a mere right of way *habendum* to the grantee "so long as the same shall be used for the operation of a railroad." The right-of-way must not be fenced, and the grantors must not be interfered with in their right to cross and re-cross at will. These provisions are inconsistent with the idea of an intention to grant a fee, and show the grant of an easement only for a particular purpose and while it may be used for that purpose.

A number of cases are cited to the point that none but the grantors or their heirs can maintain an action of this kind to declare a forfeiture for breach of a condition, the right to take advantage of such a breach being neither assignable nor severable. But we find upon examination that this rule applies only to estates in fee. *Nicoll v. N. Y. & Erie R. R. Co.*, 12 N. Y. 121 ; *Cook v. Wardens, etc.*, 5 Hun, 293 ; *Cole v. Irvine*, 6 Hill, 634 ; *Schulenberg v. Harriman*, 21 Wall. 44 ; *Ruch v. Rock Island*, 97 U. S. 693.

In the case of an easement the rule must be different, as

the title is never divested, and the owner of the land, whoever he may be, can take advantage of an abandonment. Washburn, Easements and Servitudes (4th ed.), p. 292.

The case before us, on the complaint, is like that of *Louisville, etc., R. R. Co. v. Covington*, 2 Bush. 526.

The respondent argues the case in its brief as though there were facts which would estop the appellants from maintaining the action because they had waived the breach and permitted the building of the railroad after the time fixed in the deed for its completion. But there are no such facts in the record.

Judgment reversed and cause remanded with directions to overrule the demurrer.

DUNBAR, C. J., and HOYT and SCOTT, JJ., concur.