# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| GEORGE E. FAILING COMPANY, dba GEFCO, a division of Blue Tee Corp., a Delaware corporation, <br><br> Appellant, <br><br> v. <br><br> CASCADE DRILLING, INC., a Washington corporation, <br><br> Respondent, <br><br> HUB CITY, INC., a Delaware corporation, <br><br> Defendant. | NO. 69627-1-I <br><br> DIVISION ONE <br><br> UNPUBLISHED OPINION <br><br> FILED: February 18, 2014 |

LEACH, C.J. — George E. Failing Company, dba Gefco, appeals the

amount of attorney fees and costs awarded to it by the trial court. Gefco sued

Cascade Drilling Inc. to recover payment for drilling equipment sold on credit.

Cascade asserted counterclaims related to other equipment that it purchased

from Gefco in a separate transaction. Later, it voluntarily dismissed these

counterclaims with prejudice. Based on a credit agreement that allowed Gefco to

recover its "cost of collecting this account if it becomes past due including, but

not limited to, reasonable attorney fees," the trial court awarded Gefco only those

fees and costs related to its debt collection, but not the fees it incurred defending

against Cascade's counterclaims. Gefco claims that Washington law entitles it to recover all of its costs and fees because Cascade pleaded its counterclaims as an affirmative defense, which Gefco needed to defeat to recover in this collection action. Gefco also alleges that Oklahoma law entitles it to recover all of its costs and fees. Because Cascade's counterclaims were permissive and Gefco did not raise Oklahoma law properly, we affirm.

FACTS

Gefco is a division of Blue Tee Corp., a Delaware corporation, which manufactures and sells drilling equipment. Cascade is a Washington corporation.

In September 1999, Cascade signed a credit agreement with Gefco to facilitate its purchase of drilling equipment on account. This agreement stated, "If this thirty day account is opened, I agree . . . [t]o pay attorney's fees in the event that collection efforts become necessary" and "APPLICANT AGREES TO ASSUME LIABILITY FOR PROMPT PAYMENT, LATE CHARGES, IF BILLED, AND GEFCO'S COST OF COLLECTING THIS ACCOUNT IF IT BECOMES PAST DUE INCLUDING, BUT NOT LIMITED TO, REASONABLE ATTORNEY FEES."

On September 26, 2008, Cascade ordered from Gefco a PTO and pump drive (PTO box) for a drilling rig. Gefco's invoice for this PTO box contained a choice-of-law provision:

> [A]ll . . . transactions between GEFCO and purchasers of its products shall be governed by the laws of the State of Oklahoma, subject to preempting federal law. It is agreed that exclusive jurisdiction and venue for any legal action between the parties arising out of or relating to this order shall be in the District Court for Garfield County, Oklahoma, or, in cases where federal diversity jurisdiction is available, in the United States District Court for the Western District of Oklahoma, situated in Oklahoma City, Oklahoma.

In July 2009, Gefco filed this lawsuit against Cascade to recover payment for the PTO box, alleging breach of contract and quantum meruit. Its complaint contained no jurisdiction or venue allegations. Cascade's answer asserted affirmative defenses and counterclaims, including the following affirmative defense: "Plaintiff is indebted to Defendant for non-conforming and otherwise defective goods sold to Cascade Drilling, Inc. – California, a California corporation that was merged into Defendant effective January 1, 2009, which debt is in excess of any amounts alleged by Plaintiff to be owing in connection with the [PTO box]." Cascade sought an offset for allegedly defective equipment purchased from Gefco in March and April 2008.

In September 2009, Gefco filed a reply asserting 11 affirmative defenses to Cascade's counterclaims, including the following:

Cascade's and/or Cascade California's claims are barred by the Terms and Conditions of Sale applicable to each of its purchases from GEFCO, which set forth the sole and exclusive remedies of the purchaser of the products manufactured by GEFCO. Pertinent Terms and Conditions include but are not limited to . . . . Cascade's and/or Cascade California's claims are barred to the extent they are not cognizable under Oklahoma law.

Gefco also alleged, "Cascade's and/or Cascade California's claims are frivolous and are being advanced without reasonable cause, and thus, defendants should be allowed to recover their attorney's fees pursuant to RCW 4.84.185."

In June 2010, Cascade filed an amended answer, affirmative defenses, and counterclaims. In July 2010, Gefco filed a reply to Cascade's amended pleading, asserting affirmative defenses similar to those in its 2009 reply.

On August 17, 2012, Cascade moved to voluntarily dismiss with prejudice its counterclaims against Gefco. On September 10, 2012, Gefco moved for summary judgment on its collection action and requested "attorney fees and costs incurred herein." Gefco cited only Washington law in this motion. In opposition to Gefco's motion for summary judgment, Cascade stated that it "has now paid Gefco in full for the invoice that was the basis of its collection action. . . . Remaining for consideration on the collection action is the award of attorney fees and costs for collection efforts." Cascade argued that because its counterclaims were permissive, "Gefco is only entitled to reasonable attorney's fees and costs incurred prosecuting the collection action, and it is not entitled to fees and costs incurred defending the counterclaims of Cascade."

On October 1, 2012, Gefco filed a separate motion for an award of reasonable attorney fees. On October 3, 2012, Gefco filed a reply in support of its motion for summary judgment. In both of these pleadings, Gefco cited both Washington and Oklahoma law in support of its request for all costs and reasonable attorney fees incurred in litigating the lawsuit, including those incurred in defending against Cascade's counterclaims. Cascade moved to strike this reply on the basis that it "raise[d] for the first time two new grounds for attorney's fees, neither of which was mentioned in Gefco's moving papers."

On October 5, 2012, following a hearing, the trial court "grant[ed] Gefco's motion for summary judgment on the debt collection action, but this issue is moot because the debt has been paid. The only remaining issue on the debt collection action is the award of attorney's fees and costs." The court stated in its order,

> The court finds that the attorney-fee provision in the Commercial Credit Agreement between Gefco and Cascade limited Gefco's recovery of attorney's fees to "collection efforts."
> Accordingly, this court finds that because Cascade's counterclaims were permissive to the collection action, Gefco is not entitled to attorney's fees and costs for defending against Cascade's counterclaims. Gefco is only entitled to reasonable fees and costs for its collection action.

The court also stated, "The court did not consider arguments under Oklahoma law because they were raised for the first time in Reply."

On October 18, Cascade filed a response opposing Gefco's October 1 motion for reasonable attorney fees and costs, claiming, "Gefco's request for

attorney fees was already determined by this Court on October 5, 2012. The Court denied its request and determined attorney fees were limited to its collection action." Additionally, Cascade contended, "By arguing Washington law throughout this case and in support of its argument for an award of attorney fees, [Gefco] has waived any arguments to apply Oklahoma law."

On October 15, 2012, Gefco filed a motion for reconsideration, claiming,

> The issue of whether Gefco is entitled to prevailing party attorney fees pursuant to Oklahoma state law <u>on Cascade's counterclaims</u>, as presented under a separate Motion for an Award of Reasonable Attorney Fees and Costs (made in compliance with CR 54(d)), should be considered separately and not as part of Gefco's Motion for Summary Judgment as to Gefco's original collection complaint against Cascade. Therefore, to the extent that the October 5, 2012 Order resolving Gefco's summary judgment motion forecloses on the ability of Gefco to collect attorney fees <u>on its defense of Cascade's counterclaims under Oklahoma law</u>, the Order should be amended to limit its holding as to attorney fees to be awarded on Gefco's original collections complaint against Cascade. The Court should consider Gefco's claim for fees and costs incurred for defending Cascade's counterclaim under Oklahoma law pursuant to Gefco's pending CR 54(d) motion seeking an award of reasonable attorney fees and costs incurred in defending Cascade's counterclaims.

The court denied this motion.

Gefco appeals.

### STANDARD OF REVIEW

"We review whether the credit application entitles [a plaintiff] to recover any attorney fees for defense of [a defendant's] counterclaims as an issue of law

de novo."[1] We review the denial of a motion for reconsideration for abuse of discretion.[2] A trial court abuses its discretion if its decision is manifestly unreasonable or is based on untenable grounds.[3]

## ANALYSIS

Gefco claims that it is "entitled to recover all of its attorney fees and costs under Washington law, pursuant to its Credit Agreement with Cascade and RCW 4.84.330." Gefco alleges that the trial court's ruling "was erroneous, in that it relied on a finding of fact and law that the counterclaims were 'permissive' as the pivotal reason for denying fees and costs on the counterclaims." Gefco argues, "The correct analysis is that Gefco is entitled to its fees and costs in defending the counterclaims, because the core allegation—that the components were defective—was asserted by Cascade both as a defense to the collection action and as the basis for the counterclaims." We disagree.

RCW 4.84.330 entitles a party prevailing in an action to enforce a contract containing an attorney fee provision to recover "reasonable attorneys' fees in addition to costs and necessary disbursements." CR 13(b) defines a permissive counterclaim as "any claim against an opposing party not arising out of the

---

[1] Atlas Supply, Inc. v. Realm, Inc., 170 Wn. App. 234, 237, 287 P.3d 606 (2012) (citing Ethridge v. Hwang, 105 Wn. App. 447, 460, 20 P.3d 958 (2001)).

[2] Brinnon Grp. v. Jefferson County, 159 Wn. App. 446, 485, 245 P.3d 789 (2011) (citing Lilly v. Lynch, 88 Wn. App. 306, 321, 945 P.2d 727 (1997)).

[3] State v. Emery, 161 Wn. App. 172, 190, 253 P.3d 413 (2011) (quoting State v. Allen, 159 Wn.2d 1, 10, 147 P.3d 581 (2006)).

transaction or occurrence that is the subject matter of the opposing party's claim." "Permissive counterclaims 'do not affect, nor are they affected by, the outcome' of the original claim."[4] In contrast, CR 13(a) defines a compulsory counterclaim as one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." A setoff is an affirmative defense under CR 8(c).[5]

To support its claim, Gefco relies on Boeing Co. v. Sierracin Corp.[6] and C-C Bottlers, Ltd. v. J.M. Leasing, Inc.[7] Boeing is inapposite here because it did not concern a collection action or an attorney fee provision in a contract; rather, Boeing involved a claim for misappropriating trade secrets, and the parties recovered fees under RCW 19.86.090 and RCW 19.108.040.[8]

Gefco argues that C-C Bottlers "required the court to turn away Cascade's argument that the counterclaims were permissive and instead look to the pleadings to determine whether Cascade's affirmative defense and the counterclaims raised the same issues." Gefco misreads this case. In C-C Bottlers, C-C Bottlers sued J.M. Leasing to collect delinquent promissory notes,

---

[4] Atlas Supply, 170 Wn. App. at 238 (quoting C-C Bottlers, Ltd. v. J.M. Leasing, Inc., 78 Wn. App. 384, 387, 896 P.2d 1309 (1995)).
[5] See Bickford v. City of Seattle, 104 Wn. App. 809, 813, 17 P.3d 1240 (2001).
[6] 108 Wn.2d 38, 738 P.2d 665 (1987).
[7] 78 Wn. App. 384, 896 P.2d 1309 (1995).
[8] Boeing, 108 Wn.2d at 64.

which provided for recovery of costs and fees for collection.[9]  J.M. Leasing counterclaimed, alleging securities fraud.[10]  The trial court ruled in favor of C-C Bottlers on summary judgment and awarded it fees for the entire litigation, concluding that the counterclaims were "'substantially interwoven and inseparable'" from C-C Bottlers's actions on the notes.[11]  The court of appeals disagreed, explaining that J.M. Leasing's securities fraud claims did not and would not affect the outcome of the promissory note claims.[12]  The court reasoned, "Their objective was the equitable remedy of setoff, in the event [C-C Bottlers] recovered on the notes.  They did not avoid the obligation represented by the notes and therefore are not defenses; they are independent and unrelated claims asserted permissively."[13]  The court of appeals held that a party could not recover attorney fees for successfully defending against its opponent's permissive counterclaims.[14]  The court concluded, "'[T]he prevailing party should be awarded attorney fees only for the legal work completed on the portion of the claim permitting such an award', [sic] because while collateral claims may well be

---

[9] C-C Bottlers, 78 Wn. App. at 386.
[10] C-C Bottlers, 78 Wn. App. at 386.
[11] C-C Bottlers, 78 Wn. App. at 386-87.
[12] C-C Bottlers, 78 Wn. App. at 387.
[13] C-C Bottlers, 78 Wn. App. at 388.
[14] C-C Bottlers, 78 Wn. App. at 390.

related to the contract claim and therefore conveniently tried together, they need not be resolved in order to decide the primary claim."[15]

Here, Gefco states that Cascade claimed the PTO box that was the subject of the collection action was defective. Cascade disputes this. At the trial court's hearing on Gefco's motion for summary judgment, Cascade's counsel stated, "None of the shafts that failed in this case for which our counterclaims are based arise from or relate to the brand new 30K box that was ordered and not paid for. For that reason, they are entirely permissive counterclaims." The trial court disagreed with Gefco, concluding, "[W]e're talking about different pieces of equipment that allegedly failed versus the one that was not paid for. And from that point of view, I think that really illustrates how these are counterclaims and not affirmative defenses." Nothing in the record indicates that Cascade claimed the PTO that was the subject of the collection action was defective.

The trial court explained in its summary judgment order why Cascade's counterclaims were permissive: "Cascade's counterclaims did not arise out of the debt collection action. Cascade's counterclaims did not affect, nor were they affected by, the outcome of the debt collection." Gefco does not contend that

---

[15] C-C Bottlers, 78 Wn. App. at 389 (alteration in original) (quoting King County v. Squire Inv. Co., 59 Wn. App. 888, 897, 801 P.2d 1022 (1990)); cf. Atlas Supply, 170 Wn. App. at 237 (awarding attorney fees under a credit application provision providing for "costs of collection" for defending against compulsory counterclaims).

Cascade's counterclaims were compulsory. The credit agreement limited recovery to "collection efforts" and the "cost of collecting this account if it becomes past due." Ruling on the tort allegations and permitting a setoff would not allow Cascade to avoid its obligation to pay the amount owed in the collection action. Proving its entitlement to money due under the invoice did not require Gefco to defeat claims arising out of other, separate transactions. Because the trial court properly declined to award Gefco its costs and attorney fees incurred in defending against Cascade's permissive counterclaims, we reject Gefco's claim that it is entitled to all litigation costs under Washington law.

Gefco also asserts that its sale documents require the application of Oklahoma law, which entitles it to recover all of its costs and reasonable attorney fees. The trial court did not consider this argument or conduct a choice-of-law analysis.[16] Gefco contends, "Oklahoma statutes provide that a prevailing party is entitled to recover attorney fees in actions alleging nonpayment for the sale of goods, breach of an express warranty, and negligent injury to property. See 12 Okla. Stat. Ann. §§ 936 (sale of goods), 939 (express warranty), and 940 (negligence)." We reject Gefco's claim because (1) Gefco did not plead and

---

[16] We note that Gefco provides no evidence the provision in the invoice for the PTO box stating that Oklahoma law governed the transaction was present in the invoices for the purchase of the allegedly defective equipment. Thus, we can only assume that the provision in the credit agreement in the record stating that Oklahoma law governs the transaction was also present in any agreement related to the allegedly defective equipment.

prove Oklahoma law in accordance with CR 9(k)(1), (2) Gefco waived its request

to apply Oklahoma law, (3) Gefco could not raise the issue of Oklahoma law for

the first time in its reply in support of its motion for summary judgment, and (4)

the cases that Gefco cites to support its arguments are unconvincing.

CR 9(k)(1) states,

> A party who intends to raise an issue concerning the law of a state, territory, or other jurisdiction of the United States shall set forth in his pleading facts which show that the law of another United States jurisdiction may be applicable, or shall state in his pleading or serve other reasonable written notice that the law of another United States jurisdiction may be relied upon.

"[W]here a foreign law is an essential element to the cause of action or defense[,]

it must be pleaded and proved like any other fact."[17] Courts do not take judicial

notice of laws or statutes of other states.[18] The party seeking to apply foreign

law has the burden to establish with reasonable certainty the substance of the

foreign principles of law.[19]

In King v. Snohomish County,[20] our Supreme Court held that a party

waives an affirmative defense if the assertion of the defense is either inconsistent

with the party's prior behavior or dilatory. The common law doctrine of waiver "is

---

[17] State v. Collins, 69 Wash. 268, 273, 124 P. 903 (1912).

[18] McDaniel v. Pressler, 3 Wash. 636, 639, 29 P. 209 (1892).

[19] Prime Start Ltd. v. Maher Forest Prods., Ltd., 442 F. Supp. 2d 1113, 1119-20 (W.D. Wash. 2006) (citing British Columbia Ministry of Health v. Homewood, 93 Wn. App. 702, 709, 970 P.2d 381 (1999)).

[20] 146 Wn.2d 420, 424, 47 P.3d 563 (2002) (citing Lybbert v. Grant County, 141 Wn.2d 29, 39, 1 P.3d 1124 (2000)).

designed to prevent a defendant from ambushing a plaintiff during litigation either through delay in asserting a defense or misdirecting the plaintiff away from a defense for tactical advantage."[21]

In King, the Kings timely filed their complaint but failed to comply with the county's notice claim provisions. The county answered and raised 11 affirmative defenses, including failure to comply with claim filing requirements.[22] The parties engaged in 45 months of litigation and discovery, with each party moving for summary judgment on grounds not related to notice claim requirements. When asked in an interrogatory what defenses it intended to raise, the county called the question vague and referred to the list of defenses in its answer.[23] Four years after the Kings filed their complaint, the county moved to dismiss for failure to comply with the notice of claim statutes.[24] The trial court denied this motion, and the jury returned a verdict for the plaintiffs.[25] Our Supreme Court affirmed, concluding that even though the county was not dilatory in asserting the defense in its answer, by failing to raise this defense again until just before trial, the county effectively ambushed the plaintiffs.[26] Accordingly, the county waived the

---

[21] King, 146 Wn.2d at 424 (citing Lybbert, 141 Wn.2d at 40).
[22] King, 146 Wn.2d at 423.
[23] King, 146 Wn.2d at 423.
[24] King, 146 Wn.2d at 425.
[25] King, 146 Wn.2d at 423.
[26] King, 146 Wn.2d at 425.

claim filing deficiencies as an affirmative defense by engaging in conduct inconsistent with the defense.[27]

Here, in its reply and affirmative defenses to amended counterclaims, Gefco alleged that the counterclaims were "barred to the extent they are not cognizable under Oklahoma law." Gefco argued Oklahoma law at no point between the time that it filed this reply in July 2010 and the time that it filed its reply in support of its motion for summary judgment in October 2012, after Cascade voluntarily dismissed its counterclaims. After over three years of discovery and litigation, Gefco cited only Washington law in its summary judgment motion. Gefco also cited no specific Oklahoma statute until October 2012. By failing to raise Oklahoma law until its reply in support of the motion for summary judgment, Gefco effectively ambushed Cascade. Therefore, we hold that Gefco did not properly plead and prove Oklahoma law and also waived any claims under Oklahoma law.

As the trial court concluded, Gefco's claim also fails because "[i]t is well-established that courts will not consider new arguments raised for the first time in a reply brief."[28] As discussed above, Gefco argued only Washington law

---

[27] King, 146 Wn.2d at 427.

[28] Carver v. Gonzales, No. C06-1045, 2006 WL 3457222, at *3 (W.D. Wash. Nov. 30, 2006) (citing Lentini v. Cal. Cent. for the Arts, Escondido, 370 F.3d 837, 843 n.6 (9th Cir. 2004)); see also Kirby v. City of Tacoma, 124 Wn. App. 454, 472, 98 P.3d 827 (2004) ("'A party who does not plead a cause of action or theory of recovery cannot finesse the issue by later inserting the theory

throughout the litigation and cited no specific Oklahoma statutes until filing its reply in support of its motion for summary judgment, after Cascade dismissed its counterclaims.

The cases that Gefco cites to support its assertions are inapplicable. First, it cites <u>Travelers Indemnity Co. v. Hans Lingl Anlagenbau Und Verfahrenstechnik GMBH & Co. KG</u>,[29] which is unpublished and is not precedential.[30] Gefco also cites <u>Boyd Rosene & Associates v. Kansas Municipal Gas Agency</u>[31] for the proposition that "Oklahoma's loser-pays fee-shifting statutes embody a substantive legislative policy choice." But in <u>Boyd Rosene & Associates</u>, the Tenth Circuit explained, "[E]ven though attorney's fees are

---

into trial briefs and contending it was in the case all along.'" (quoting <u>Dewey v. Tacoma Sch. Dist. No. 10</u>, 95 Wn. App. 18, 26, 974 P.2d 847 (1999))); <u>Bell v. Waudby</u>, 4 Wash. 743, 748, 31 P. 18 (1892) ("The office of a reply is to meet the allegations of the answer, and cannot, in an ordinary case in any manner enlarge the claim for relief as shown in the complaint.").

[29] 189 F. App'x 782 (10th Cir. 2006).

[30] GR 14.1(b) states,

> A party may cite as an authority an opinion designated 'unpublished,' 'not for publication,' 'non-precedential,' 'not precedent,' or the like that has been issued by any court from a jurisdiction other than Washington state, only if citation to that opinion is permitted under the law of the jurisdiction of the issuing court.

Under 10th Cir. R. 32.1, this unpublished decision is not precedential but may be cited for its persuasive value.

[31] 174 F.3d 1115, 1125-26 (10th Cir. 1999).

substantive for diversity purposes, they are not thereby necessarily substantive under Oklahoma choice-of-law rules."[32]

For these reasons, the trial court properly declined to apply Oklahoma law.

## CONCLUSION

Because the trial court properly declined to award attorney fees to Gefco for defending against Cascade's permissive counterclaims and also properly declined to apply Oklahoma law, we affirm.

_Leach, C.J._

WE CONCUR:

_Appelwick, J._          _Cox, J._

---

[32] Boyd Rosene & Assoc., 174 F.3d at 1118 (citation omitted).